**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| CAMIL I. KREIT, M.D., } | | |
| *Plaintiff* } | | |
| v. } | CIVIL ACTION NO. H-05-0564 | |
| } | | |
| GERALD CORRADO, PATRICIA } | | |
| CONSTANCE, AND MIIX INSURANCE } | | |
| COMPANY, } | | |
| *Defendants* | | |

### MEMORANDUM OPINION AND ORDER

**I. INTRODUCTION**

Pending before the court are the following motions: (1) Defendant Gerard Corrado's motion to dismiss for Plaintiff's failure to state a claim or, in the alternative, motion for summary judgment (Instrument No. 24); (2) Defendant Patricia Constante's motion to dismiss for Plaintiff's failure to state a claim or, in the alternative, motion for summary judgment (Instrument No. 32); (3) Plaintiff Camil Kreit's motion for default judgment against Defendant Constante (Instrument No. 33); and (4) Defendant Corrado's motion for attorney's fees (Instrument No. 35).

**II. PROCEDURAL POSTURE**

On 18 February 2005, Plaintiff, acting *pro se*, initiated this law suit naming three defendants: Gerard Corrado (improperly named as Rod Corrado), Patricia Constante (improperly named as Patricia Constance), and MIIX Insurance Co. as successor in interest to Lawrenceville Property and Casualty Co. Inc (improperly identified as Lawrenceville Property and Casualty Company, Inc., member of the MIIX group of companies). On 5 September 2005, MIIX Insurance Co. filed its suggestion of bankruptcy (Instrument No. 9) . On 7 October 2005, the court issue an order staying, severing, and administratively closing the case against MIIX Ins. Co. (Instrument No. 17). Plaintiff then filed his first amended complaint (Instrument No. 22).

**III. RELEVANT FACTS**

Plaintiff Camil I. Kreit M.D. ("Kreit") is a physician practicing medicine in the State of Texas.  Patricia Constante ("Constante") is the former CEO of the Lawrenceville Property and Casualty Company, now MIIX Insurance Co., Kreit's insurer.  Gerard Corrado was a Senior Hospital Liability Representative for Lawrenceville Property and Casualty Company.

Kriet purchased a Physicians and Surgeons Professional Liability Policy ("the policy") from Lawrenceville Property and Casualty Company.  Coverage under the policy existed from 1 May 2002 until 1 May 2003, but was limited to two hundred thousand dollars ($200,000) per medical incident.

On 23 May 2003, a Liberty County jury returned a verdict exceeding the policy limit against Kreit for medical malpractice.  *See Charlotte Foreman v. Camil Kreit, M.D. and Samir Kreit, M.D.*, Cause No. 56,121 (253rd Judicial District Court, Liberty County, Texas). Post-judgment, Corrado, acting as claims adjuster, settled the claim for an amount within the policy limit.  As part of the settlement agreement, plaintiffs in the state court suit successfully moved to vacate the judgment against Kreit.  The settlement was reported to the National Practitioner Data Bank as required by the Healthcare Quality Improvement Act of 1986, 42 U.S.C. 11131.

In this lawsuit, Kreit accuses Defendants Corrado and Constante of breach of the insurance contract, breach of fiduciary duty, and defamation.

**IV. LAW**

A motion to dismiss under Rule 12(b)(6) is "viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982).  A court dismisses a complaint under Rule 12(b)(6) only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46(1957).  "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief."  5A CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2nd ed. 1990).  A plaintiff must, however, assert more than general legal

conclusions to avoid dismissal. *Jefferson v. Lead Industries Assoc., Inc.,* 106 F.3d 1245, 1250 (5th Cir. 1997). "[T]he complaint must contain either direct allegations on every material point necessary to sustain a recovery. . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quoting 3 WRIGHT & MILLER FEDERAL PRACTICE & PROCEDURE: CIVIL 2D § 1216 at 156-159). Where a complaint asserts merely conclusory allegations, these conclusory allegations and unwarranted deductions of fact are not admitted as true. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir.1992). Second, where a complaint shows on its face that it is barred by an affirmative defense, a court may dismiss the action for failing to state a claim. *Kaiser Aluminum*, 677 F.2d at 1050.

In considering a Rule 12(b)(6) motion to dismiss a district court may review the pleadings on file, *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000), and matters of public record. *Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995). "Pleadings on file" includes "[d]ocuments that a defendant attaches to a motion to dismiss . . . if they are referred to in the plaintiff's complaint and are central to [its] claim." *Collins*, 224 F.3d at 498-99.

## V.  APPLICATION OF LAW TO THE FACTS

**1. Defendants' Motion to Dismiss.**

    A.  <u>Breach of Contract</u>

The elements of a claim for breach of contract are:(1) existence of a valid contract; (2) performance or tentative performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damage resulting to the plaintiff from the breach. *Stewart v. Sanmina Tex., L.P.*, 156 S.W.3d 198, 214 (Tex. App.–Dallas 2005) (citing *Southwell v. Univ. of the Incarnate Word*, 974 S.W.2d 351, 354-55 (Tex. App.–San Antonio 1998 pet. denied). It is clear from the face of Kreit's complaint that no valid contract existed between himself and either Constante or Corrado. His breach of contract claims against them are therefore dismissed as a matter of law.

B. Breach of Fiduciary Duty

A necessary element of a claim for breach of fiduciary duty is the existence of a fiduciary relationship.  "There is no general fiduciary duty between an insurer and its insured."  *Wayne Duddleston, Inc. v. Highland Ins. Co.*, 110 S.W.3d 85, 96 (Tex. App.–Houston [1st Dist.] 2003, pet. den'd).  In the absence of general fiduciary duty implied at law, an informal fiduciary duty can be created by "a moral, social, domestic or purely personal relationship of trust and confidence." *Meyer v. Cathey*, 167 S.W.3d 327, 331 (Tex. 2005) (quoting *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 287 (Tex. 1998). "To impose an informal fiduciary duty in a business transaction, the special relationship of trust and confidence must exist prior to, and apart from, the agreement made the basis of the suit." *Id.*  Here, Kreit did not know Corrado outside the context of the policy, and never met Constante.  He therefore cannot establish the existence of a fiduciary relationship between himself and either Corrado or Constante.  His breach of fiduciary duty claim is therefore dismissed.

C. Defamation

Kreit's claim for defamation is barred by the applicable one year statute of limitations.  See Tex. Civ. Prac. & Rem. Code § 16.002(a). The statute of limitation on defamation begins to run when the defamatory statements are published. *Chevalier v. Animal Rehab. Center, Inc.*, 839 F.Supp. 1224, 1231 (N.D. Tex. 1993).  Plaintiff does not contest that publication occurred on 5 February 2004 and that his complaint was not filed until 18 February 2005.  His defamation claim is therefore dismissed.

**2. Plaintiff's Motion for Default Judgment against Defendant Constante.**

Prior to the filing of Kreit's motion for default**,** Constante filed both her answer ( Instrument No. 29) and her motion to dismiss (Instrument No. 32).  It is settled law that a trial court has  discretion to deny a default judgment when defendant has filed a responsive pleading before judgment is entered.  *Mason & Hanger v. Metal Trades Council*, 726 F.2d 166, 168 (5th

Cir. 1984). Here, Constante's pleadings have not prejudiced Kreit, therefore his motion for default judgment is denied.

### 3. Defendant Corrado's Motion to Recover Attorney's Fees.

In his motion, Defendant Corrado argues that the court should award him attorney's fees because Kreit's claims are both frivolous and unreasonable. As explained *supra*, all of Kreit's claims suffer from critical flaws. They are not based on current law or a good faith request for a modification of the law. The court, therefore, has concluded that Defendant's motion should be granted. Defendant Constante is instructed to submit an affidavit in support of her Rule 11 claim. Plaintiff Kreit will have 10 days from the filing of Constante's affidavit to respond.

### VI. CONCLUSION

For the aforementioned reasons, the court **ORDERS** that Defendant Gerrard Corrado's motions to dismiss (Instrument No. 24) and for sanctions are **GRANTED**. Similarly, Defendant Patricia Constante's motion to dismiss (Instrument No. 32) is **GRANTED**. Plaintiff Camil I. Kreit's motion for default (Instrument No. 33) is **DENIED**. Defendant Gerrard Corrado's motion for attorney's fees (Instrument No. 35) is **GRANTED**. Plaintiff Camil I. Kreit's claims against Patricia Constante and Gerrard Corrado are **DISMISSED AS A MATTER OF LAW**.

**Signed at Houston, Texas**, this 20th day of September, 2006.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE

5